JUDGE FRANK MONTALVO

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | |
|---|---|
| ANTONINA LEE MORRIS and JACOB ESPARZA | § § § |
| Plaintiffs, | § § |
| vs. | § Cause No.: _____ § |
| GUSTAVO ALCANTARA RAMIREZ and GASPAR VARGAS DIAZ, | § § § |
| Defendants. | § § |

EP18CV0394

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW** GUSTAVO ALCANTARA RAMIREZ and GASPAR VARGAS DIAZ, Defendants in the above-entitled and captioned cause, and submit their Notice of Removal, and for jurisdiction respectfully show the following:

1. These parties were named as defendants in the case styled *Antonina Lee Morris and Jacob Esparza vs. Gustavo Alcantara Ramirez and Gaspar Vargas Diaz*; Cause No. 2018DCV4309, pending in the 327th District Court of El Paso County, Texas (hereinafter "The State Court Action"). The State Court Action arises out of a truck/auto accident that occurred in El Paso County, Texas on or about December 22, 2017. A true and correct copy of the docket sheet from The State Court Action is attached as Exhibit "A." Pursuant to 28 U.S.C § 1446(a), a true and correct copy of all process, pleadings and orders in The State Court Action are being filed with this Notice, and are attached as Exhibit "B".

2. In Plaintiffs' Original Petition and Jury Demand, their operative pleading, Plaintiff Morris is alleged to be "an individual residing [in] Columbus New Mexico", and the last three

digits of her Social Security number are 278. According to the police report, Plaintiff Morris resides in El Paso, Texas and holds a Texas driver's license. A true and correct copy of the police report is attached as Exhibit "C." Plaintiff Esparza is alleged to be "an individual residing [in] El Paso County, Texas." Plaintiff Esparza's citizenship is not specified. The police report does not indicate where Plaintiff Esparza resides. (Ex. C).

3. Plaintiff further alleges that Defendant Ramirez "is an individual residing in Ciudad Juarez Chihuahua Mexico", although his citizenship is not specified. The police report indicates that Defendant Ramirez resides in Juarez, Mexico. (Ex. C). Defendant Ramirez is, and has always been, a citizen of the Republic of Mexico, but has not been served as of the time The State Court Action is removed. Defendant Ramirez served Plaintiffs with his Original Answer on December 26, 2018.

4. Plaintiff further alleges that Defendant Vargas "is an individual residing in Ciudad Juarez Chihuahua Mexico." As of the time The State Court Action commenced, Defendant Vargas has always been, and currently still is a citizen of the Republic of Mexico, but has not been served as of the time The State Court Action is removed. Defendant Vargas served Plaintiffs with his Original Answer on December 26, 2018.

5. The State Court Action commenced on November 12, 2018 with the filing of Plaintiffs' Original Petition and Jury Demand. Substitute service of Plaintiffs' Original Petition and Jury Demand on Defendants was effected by serving Defendants' statutory agent, the Chairman of the Texas Transportation Commission, on November 30, 2018. However, Defendants have not actually received Plaintiffs' Original Petition and Jury Demand at the time of filing this Notice. The removal period is not triggered until a defendant receives actual service; the removal period does not begin when the statutory agent receives process. *McCrary v. Kansas City S. Ry. Co.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. June 15, 2000); *Monterey Mushrooms, Inc. v. Hall*, 14 F.

13463.166/FHUT/1407982

Supp. 2d 988, 991 (S.D. Tex. 1999). Defendants answered on December 26, 2018, triggering the removal period.

6. Plaintiffs' Original Petition seeks monetary relief of "over $1,000,000.00." In addition, the Petition asserts that Plaintiffs suffered damages including past and future medical care, past and future nursing services, past and future medical attention and "other expenses." In this case, Plaintiffs have pleaded an unspecified range in excess of $1,000,000.00.

7. The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). However, if the state's practice does not permit demands for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* § 1446(c)(2)(A)(ii). Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3–7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2–4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). That being said, a plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez*, 2011 WL 318294 at *5. In this case, Plaintiff has asserted an extensive list of damages, both in the past and

continuing in the future. Plaintiff has pleaded the case as being worth more than $1,000,000.00. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in the Plaintiffs' Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

8.   This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(2) because all Defendants are citizens of the Republic of Mexico, so there is complete diversity of citizenship between the parties, and assuming that Plaintiffs demanded the sum in their Original Petition in good faith, then at least $1,000,000.00 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

9.   This Notice is timely filed pursuant to 28 U.S.C. §1446(b), since it was filed within thirty (30) days of the receipt of Plaintiffs' Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action.

10.   Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as the District and Division where The State Court Action is pending.

11.   Pursuant to 28. U.S.C. § 1446(d), Defendants will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that pursuant to the above-referenced authorities, that The State Court Action be removed, that this Honorable Court exercise its original jurisdiction over The State Court Action, and that Defendants be granted such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

13463.166/FHUT/1407982

Respectfully submitted,

**MOUNCE, GREEN, MYERS SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  hutterer@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Frederick C. Hutterer III**
State Bar No. 24100492

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, **Frederick C. Hutterer III**, hereby certify that on this _28_ day of December, 2018, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorney(s) of record: Daniela Labinoti, 707 Myrtle Avenue, El Paso, Texas 79901.

_____
**Frederick C. Hutterer III**

5